UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL BRYON BREWER,

    Plaintiff,

v.

BARACK OBAMA,

    Defendant.

_____/

Case No. 1:23-cv-875

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Paul Bryon Brewer of Connellsville, Pennsylvania. For the reasons set forth below, this complaint should be dismissed.

### I. Discussion

Plaintiff Brewer has filed a form complaint in this Court against defendant President Barack Obama. Compl. (ECF No. 1, PageID.2). Brewer states that defendant violated "all the Bill of right [sic] alleging that in the Summer of 2009:

> I have visions in my sleep of future events and will talk about them while I sleep. While staying at Robert Cicilotti [sic] 2 Bedroom apartment he was always listening to me. I said that Pakistan people were on thier [sic] way to Bomb the west coast president Barack Obama committed fraud against the American people.
>
> I said to send out the Ronald Reagan, and only take out the Bow of the ship. President Barack lied and said he had a feeling something was wrong. I Paul Bryon Brewer was the one that knew.

*Id*. at PageID.4. For his injuries, Brewer alleged "I have trouble with my mind at time still being shock [sic] in the Back of my neck through my mouth. President Barack O Bama [sic] ordered the shocking." *Id*. at PageID.5. For his relief, plaintiff stated "I want the Whole United States tresury [sic]." *Id*.

The Court should dismiss this frivolous complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In *Paul Bryon Brewer v. United States Government*, 1:23-cv-01860 (UNA), 2023 WL 4762585 at *1 (D.D.C. July 21, 2023), the court addressed a case filed by Paul Bryon Brewer, a resident of Pennsylvania, alleging among other things: that in 2009 plaintiff's father gave him the chance to be president through a federal reserve note worth $900 trillion; that Presidents Obama and Biden conspired to steal the $900 trillion which stopped him from running for president; and that they collaborated with the CIA and Congress to surveille and torture him. The Court dismissed that case as frivolous stating in pertinent part:

> A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). . . .
>
> This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. The instant complaint falls squarely into this

category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

*Brewer*, 2023 WL 4762585 at *1.

For these same reasons, plaintiff Paul Bryon Brewer's frivolous complaint demanding "the Whole United States tresury [sic]" is totally implausible, attenuated, unsubstantial, frivolous and devoid of merit and should be dismissed for lack of subject matter jurisdiction.

## II.   RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: August 29, 2023                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).